# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES STEEL CORPORATION, | CIVIL ACTION NO. _____ |
| Plaintiff, | |
| v. | |
| UNIVERSAL METALS, LLC and, DAVID E. FENIGER, | |
| Defendants. | **JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Defendant, Universal Metals, LLC ("Universal"), by and through its undersigned counsel, hereby gives notice of the removal, pursuant to 28 U.S.C. §§ 1441 and 1446, of the above-captioned action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania. In support of this Notice, Universal states as follows:

1. On or around September 16, 2015, Plaintiff, United States Steel Corporation ("USS"), filed a civil Complaint against Universal, and another Defendant, David E. Feniger, in the Court of Common Pleas of Allegheny County, Pennsylvania at No. GD-15-016212 (the "State Court Action").

2. On or about September 25, 2015, Universal received service of the Complaint by certified mail ("Complaint"). A true and correct copy of the Complaint served on Universal, with exhibits, is attached as Exhibit 1.

3. A true and correct copy of the entire docket in the State Court Action is attached as Exhibit 2. Plaintiff asserts in the Affidavit of Service By Mail that it filed that the Complaint was served upon Universal on September 22, 2015.

4. The Complaint contains two counts. Count I of the Complaint alleges non-payment by Defendant, Universal, in the amount of $2,193,930.62, with respect to purported delivery of non-prime steel to Universal Metals.

5. The Complaint alleges that for each order of steel, USS issued to Universal "an order acknowledgment that contained [] terms and conditions," which USS attached to the Complaint at Exhibit B. (Compl. ¶ 5). Universal denies those allegations in the Complaint and it denies that the Terms and Conditions attached to the Complaint have any applicability to this case.

6. Count II of the Complaint contains a claim against another Defendant, David E. Feniger ("Feniger"), an individual, wherein USS seeks monetary damages in the amount of $2,193,930.62 against Feniger with respect to two purported Personal Guaranty Agreements signed by Feniger.

7. Service upon Defendant, Feniger, an out-of-state Defendant, was improper, as neither Feniger, nor his authorized agent, were served with the Complaint.

8. Removal is appropriate in this case because this Court has original jurisdiction over the claims asserted in Plaintiff's Complaint. See 28 U.S.C. § 1441(a).

9. Specifically, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), as this action is one between citizens of different states wherein the face of the Complaint makes clear that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## Diversity of Citizenship

10. There is complete diversity between USS, Universal, and Feniger in this action.

11. USS is a Delaware corporation that maintains its principal place of business in the Commonwealth of Pennsylvania. (Compl. ¶ 1).

12. Defendant, Universal, is an Ohio limited liability company with its principal place of business in Toledo, Ohio. (*Id*.).

13. For purposes of analyzing diversity of citizenship in connection with removal of a civil action, the citizenship of an LLC is determined by the citizenship of its members. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010).

14. Universal has three members, which are each irrevocable trusts, identified as the: (1) William D. Feniger IDIT #1 (John W. Hilbert, Trustee); (2) Sally A. Feniger Irrevocable Trust of 2011 (William D. Feniger, Trustee); and (3) William D. Feniger Irrevocable Trust of 2014 for the Benefit of David E. Feniger and His Issue (David E. Feniger, Trustee) (collectively, the "Trusts").

15. In order to determine the state of residency of a trust, courts in this jurisdiction look to both the citizenship of the trustee of the trust and the citizenship of the trust beneficiaries. *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 205 (3d Cir. 2007).

16. Here, the residency of the trustees of the Trusts are as follows: John W. Hilbert (Florida), William D. Feniger (Ohio), and David E. Feniger (Ohio).

17. Likewise, all of the beneficiaries of the Trusts are either residents of the State of Ohio, residents of the State of New York, or residents of the State of California.

18. Defendant, Feniger, is an individual, who resides in and is a citizen of the State of Ohio.

19. Accordingly, there is complete diversity of citizenship among the Plaintiff and all Defendants in this action.

**Amount in Controversy**

20. As an initial matter, Universal denies that it is liable to Plaintiff for any amount of damages and provides the following only for purposes of analyzing the amount in controversy in this Action.

21. Plaintiff alleges that Universal is indebted to it in the amount of $2,193,930.62. (Compl. ¶¶ 8, 13).

22. Plaintiff further alleges that the $2,193,930.62 purportedly owed by Universal is exclusive of interest, court costs and other costs incurred in pursuing the action. (Compl. ¶¶ 8-9, 13-14).

23. As such, the amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000.00.

**Removal Procedures**

24. This Notice has been timely filed within thirty (30) days of September 22, 2015, the date Plaintiff asserts is the date on which Universal first received service of the Complaint. 28 U.S.C. § 1446(b). Universal was actually served with the Complaint on September 25, 2015.

25. This Court is the district court of the United States for the district and division surrounding the place where this Action if presently pending.

26. True and correct copies of this Notice of Removal, with accompanying exhibits, and a Notice of Removal directed to the State Court are being served upon Plaintiff and Defendant Feniger and filed with the Department of Court Records of the Court of Common Pleas of Allegheny County, Pennsylvania in accordance with 28 U.S.C. § 1446(d).

27. Universal demands a jury trial in this action.

**Conclusion**

WHEREFORE, as a result of all the above, the action that was originally filed by Plaintiff in the Court of Common Pleas of Allegheny County, Pennsylvania at No. GD-15-016212, is hereby removed to this Court, and this action is now on the docket of this Court for all further proceedings as though the same action had been originally instituted and commenced in this Court.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date:   October 21, 2015 | SHERRARD, GERMAN & KELLY, P.C. |
| By: | */s/ Beverly A. Block*<br>Beverly A. Block, Esquire<br>bab@sgkpc.com<br>PA I.D. No. 93406<br>The Oliver Building<br>535 Smithfield Street, Suite 300<br>Pittsburgh, PA 15222<br>Telephone: (412) 355-0200<br>Firm No. 006 |

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2015, I electronically filed the foregoing Notice of Removal using the ECF system, which will send notification of such filing. I further certify that a true and correct copy of the foregoing Notice of Removal was mailed on this date by first class mail, postage pre-paid to the following parties and/or counsel of record in this action:

Samuel Reynolds, Jr., Esquire
United States Steel Corporation, 15th Floor
600 Grant Street
Pittsburgh, PA 15219

David E. Feniger
805 Chicago Street
Toledo, OH 43611

*/s/ Beverly A. Block*
Beverly A. Block, Esquire